IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JESUS GARCIA GUTIERREZ,
ROBERTO RAMIREZ,
JOSE NAVA MALDONADO,
CHRISTIAN DANIEL de LEON, and
ELISEO ALVARADO LOPEZ,

      Plaintiffs,

      vs.                                                 2:18-cv-00581 KWR/GJF

IGNACIO PUENTES, and
JESUS PUENTES,

      Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING DEFAULT JUDGMENT and DAMAGES OF SUM CERTAIN
## AGAINST DEFENDANT JESUS PUENTES

THIS MATTER comes before the Court upon Plaintiffs' Motion for Default Judgment Against Defendant Jesus Puentes, filed June 18, 2019 (**Doc. 13**). Having reviewed the pleadings and the applicable law, the Court finds that Plaintiffs' motion for default judgment is well taken and, therefore, is granted and judgment shall be entered against Defendant Jesus Puentes in favor of Plaintiffs for statutory damages.

### BACKGROUND

Plaintiffs are migrant workers who tend and harvest crops. Defendant Jesus Puentes is an agricultural employer and owns Puentes Farms. Plaintiffs allege that Defendant Jesus Puentes made false promises about the amount of work, failed to provide written disclosure to Plaintiffs as to terms and conditions of employment, and did not provide Plaintiffs wage statements for work

performed. Moreover, Plaintiffs were forced to work without access to toilets, handwashing facilities, or drinking water.

The Complaint sets out claims under the Migrant and Seasonal Agricultural Worker Protection Act, 29 U.S.C. §§ 1801 *et. seq*. ("AWPA"). Plaintiffs allege that Defendant Jesus Puentes breached the following provisions of the AWPA:

> a) Failing to disclose in writing the terms and conditions of employment at the time the Plaintiffs were recruited, in violation of 29 U.S.C. 1831(a)(2);
>
> b) Violating without justification the terms of the working arrangement made with Plaintiffs, in violation of 29 U.S.C. § 1832(c);
>
> c) Providing false or misleading information to an agricultural worker concerning the terms and conditions of agricultural employment under the AWPA, in violation of 29 U.S.C. § 1831(f);
>
> d) Failing to post in a conspicuous place at its place of employment a poster provided by the Secretary of Labor setting forth the rights and protections afforded to seasonal agricultural workers under the AWPA, in violation of 29 U.S.C. § 1831(b);
>
> e) Failing to pay Plaintiffs their wages owed when due, in violation of 29 U.S.C. § 1832(a); and
>
> f) Failing to make, keep, and preserve payroll records for each worker for each pay period, in violation of 29 U.S.C. § 1831(d)(1).
>
> g) Failing to provide Plaintiffs with an itemized pay statement showing all of the information required to be maintained in the payroll records pursuant to the AWPA, in violation of 29 U.S.C. § 1831(d)(2).

Service of process was attempted but not effectuated on Defendant Jesus Puentes in November 2018. Plaintiffs filed a motion for alternative service of process, and this Court issued an order granting the Motion on December 4, 2018. **Doc. 8.** The summons was returned executed and was left with Jesus Puentes' father, Ignacio Puentes. **Doc. 10.**

Defendant Jesus Puentes failed to file an answer by the due date of January 8, 2019 and has never appeared or filed any pleading in this case.

On October 31, 2018, the Court issued an Order Staying Case against Defendant Ignacio Puentes and allowing Plaintiffs to pursue claims against Defendant Jesus Puentes. **Doc. 5, 9.** The stay did not apply to Defendant Jesus Puentes. *Id.* It appears that Ignacio Puentes has now received a discharge in his bankruptcy case.

## DISCUSSION

I. **Liability.**

Plaintiffs now seeks default judgment on seven separate violations of the AWPA for each of the five Plaintiffs.

Rule 55 mandates a two-step process for a default judgment. First, a party must obtain a Clerk's entry of default. Second, the party must request a default judgment. *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970) (citing Fed. R. Civ. P. 55(a) & (b)). Once a defendant is found to be in default, a court must "t[ake] as true all factual allegations in the complaint, except those pertaining to the amount of damages." *Archer v. Eiland*, 64 F. App'x 676, 679 (10th Cir. 2003). However, even after entry of default, the Court must decide "whether the unchallenged facts create a legitimate basis for the entry of a judgment." *See Greenwich Ins. Co. v. Daniel Law Firm,* No. 07–cv–2445–LTB–MJW, 2008 WL 793606, at *1 (D. Colo. Mar. 22, 2008) (citations omitted). "[A] party is not entitled to a default judgment as of right; rather the entry of a default judgment is entrusted to the 'sound judicial discretion' of the court." *Id.* at *2 (citation omitted), *quoted in Villanueva v. Account Discovery Sys., LLC*, 77 F. Supp. 3d 1058, 1066 (D. Colo. 2015)

3

The Court has jurisdiction over the subject matter in this case. The AWPA is a federal statute that provides a private right of action in federal district court. 29 U.S.C.A. § 1854 (West).

It appears that Defendant Jesus Puentes was properly served. Plaintiffs filed this lawsuit on June 21, 2018, and Defendant Jesus Puentes with a copy of the Complaint and Summons on December 18, 2018. Plaintiffs filed a motion for alternative service because they could not personally serve Defendant, and that motion was granted. **Doc. 8.** Therefore, Plaintiffs properly served Defendant Jesus Puentes at a residence he owns by leaving the complaint and summons with his father, who said he was in touch with Jesus Puentes. *See* Rule 1-004(J) NMRA ("Upon motion, without notice, and showing by affidavit that service cannot reasonably be made by this rule, the court may order service by any method of combination of methods, including publication, that is reasonably calculated under all of the circumstances to apprise the defendant of the existence and pendency of the action and to afford a reasonable opportunity to appear and defend.").

After Defendant Jesus Puentes was served, he failed to appear in this case or answer the complaint. Plaintiffs requested that the Clerk of Court enter default against Defendant on June 18, 2019 **(Doc. 12)**. The Clerk's Entry of default was entered on August 20, 2019 **(Doc. 14)**. Moreover, it appears that the Court has personal jurisdiction over Defendant Jesus Puentes. The allegations occurred in New Mexico at a farm he owned in New Mexico.

Moreover, the Court concludes that the allegations in the complaint, taken as true, provide a sufficient basis for entry of default judgment for each of the seven violations of the AWPA for each Plaintiff. Therefore, Plaintiffs are entitled to default judgment.

The Court recognizes that a decision on the merits is strongly preferred. However, the Court considers a default judgment appropriate because Defendant Jesus Puentes is unresponsive

despite repeated attempts to serve him, and Plaintiffs have suffered significant delay in this case. *See generally Ruplinger v. Rains,* 946 F.2d 731, 732-33 (10th Cir.1991).

## II. **Plaintiffs Are Entitled to Statutory Damages.**

Plaintiffs seek a default judgment of $17,500, or $3,500 for each Plaintiff, against Defendant Jesus Puentes pursuant to 29 U.S.C.A. § 1854 (AWPA).

Under Fed.R.Civ.P. 55(b)(1), judgment can be entered for a "sum certain" or a "sum that can be made certain by computation" where a defendant has been defaulted for a failure to appear. *KPS & Assocs., Inc. v. Designs By FMC, Inc.*, 318 F.3d 1, 20 (1st Cir. 2003). To be a "sum certain" there must be no doubt as to the amount that must be awarded. *Franchise Holding II, LLC. v. Huntington Rests. Group, Inc.,* 375 F.3d 922, 928–29 (9th Cir.2004). Moreover, "a court may enter a default judgment without a hearing only if the amount claimed is a liquidated sum or one capable of mathematical calculation." *Hunt v. Inter–Globe Energy, Inc.,* 770 F.2d 145, 148 (10th Cir.1985). A court is not required to accept the plaintiff's legal conclusions or factual allegations when assessing damages and must ensure that there is a legal basis for the damages specified in the default judgment. *Klapprott v. United States*, 335 U.S. 601, 611-12 (1949).

Plaintiffs do not seek actual damages. Rather, they request statutory damages in the amount of $500 per violation for each Plaintiff. 29 U.S.C.A. § 1854(a) creates a private right of action for violations of the AWPA. Section 1854(c) provides that

> If the court finds that the respondent has intentionally violated any provision of this chapter or any regulation under this chapter, it may award damages up to and including an amount equal to the amount of actual damages, or statutory damages of up to $500 per plaintiff per violation, or other equitable relief, except that (A) multiple infractions of a single provision of this chapter or of regulations under this chapter shall constitute only one violation for purposes of determining the amount of statutory damages due a plaintiff…

5

Generally, statutory damages are considered capable of calculation and may be awarded in a default judgment if properly supported in the motion. *Acosta v. Campos*, No. EP-14-CV-160-PRM, 2014 WL 10178598, at *5 (W.D. Tex. Dec. 17, 2014), *amended,* No. EP-14-CV-160-PRM, 2015 WL 1758125 (W.D. Tex. Apr. 17, 2015); *Martinez v. Mendoza*, 595 F. Supp. 2d 923, 927 (N.D. Ind. 2009); *see also Muniz v. Soto*, No. CIV.A. 03-WM-539 (BN, 2004 WL 170310, at *1 (D. Colo. Jan. 15, 2004). The Court notes that Plaintiffs properly supported their request for statutory damages with affidavits, and it appears that a hearing would not aid the Court in fixing the amount of statutory damages.

In determining an award of statutory damages, the Court may consider the following discretionary factors:

> (1) the amount allowed to each plaintiff for each violation, (2) the total amount of the award, (3) the nature and persistence of the violations, (4) the extent of the defendants' culpability, (5) damage awards in similar cases, (6) the defendants' ability to prevent future violations of the Act, (7) the substantive or technical nature of the violations, (8) the circumstances of the case. (9) the total number of plaintiffs involved, (10) the total number of violations, and (11) the plaintiffs' recovery on closely related claims in the same suit that will in part compensate the damages caused by violations of the Act.

*Wales v. Jack M. Berry, Inc.,* 192 F.Supp.2d 1291, 1309 (M.D.Fla.2000), *quoted in Muniz v. Soto*, No. CIV.A. 03-WM-539 (BN, 2004 WL 170310, at *2 (D. Colo. Jan. 15, 2004)*; see also Martinez v. Mendoza*, 595 F. Supp. 2d 923, 927 (N.D. Ind. 2009), *quoting Beliz v. W.H. McLeod & Sons Packing Co.,* 765 F.2d 1317, 1332 (considering the following factors: (1) the nature and persistence of the violations; (2) the extent of the defendant's culpability; (3) the substantive or technical nature of the violations; (4) damage awards in similar cases; (5) the defendant's ability to prevent future violations of the act; and (6) the circumstances of each case).

Moreover, the Court is mindful that damages should not be awarded that exceed the amount necessary to compensate Plaintiffs for their injuries, exceed the amount necessary to enforce the

act or deter future violations, or are excessively punitive. *Six (6) Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301, 1309 (9th Cir. 1990).

Plaintiffs allege seven separate violations of the AWPA, from technical violations to those that adversely affected the Plaintiffs. Having considered the factors above, the Court awards damages as follows:

> a) $500 per plaintiff, for a total of $2,500 for Failing to disclose in writing the terms and conditions of employment at the time the Plaintiffs were recruited, in violation of 29 U.S.C. 1831(a)(2);
>
> b) $500 per plaintiff, for a total of $2,500 for Violating without justification the terms of the working arrangement made with Plaintiffs, in violation of 29 U.S.C. § 1832(c);
>
> c) $500 per plaintiff, for a total of $2,500 for Providing false or misleading information to an agricultural worker concerning the terms and conditions of agricultural employment under the AWPA, in violation of 29 U.S.C. § 1831(f);
>
> d) $500 per plaintiff, for a total of $2,500 for Failing to post in a conspicuous place at its place of employment a poster provided by the Secretary of Labor setting forth the rights and protections afforded to seasonal agricultural workers under the AWPA, in violation of 29 U.S.C. § 1831(b);
>
> e) $500 per plaintiff, for a total of $2,500 for Failing to pay Plaintiffs their wages owed when due, in violation of 29 U.S.C. § 1832(a); and
>
> f) $500 per plaintiff, for a total of $2,500, for Failing to make, keep, and preserve payroll records for each worker for each pay period, in violation of 29 U.S.C. § 1831(d)(1).
>
> g) $500 per plaintiff, for a total of $2,500 for Failing to provide Plaintiffs with an itemized pay statement showing all of the information required to be maintained in the payroll records pursuant to the AWPA, in violation of 29 U.S.C. § 1831(d)(2).

The total damages awarded against Defendant Jesus Puentes is $17,500. Each Plaintiff is awarded $3,500 in statutory damages. The Court notes that Plaintiffs did not seek prejudgment interest in their motion for default judgment or provide anything to support such an award. Therefore, the Court will decline to *sua sponte* analyze whether prejudgment interest is appropriate.

However, post-judgment interest from the entry of a district court's judgment is mandatory under 28 U.S.C. §1961, which provides that postjudgment interest "shall be allowed on any money judgment in a civil case recovered in a district court" with interest calculated from the date of the entry of the judgment, "at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding." 28 U.S.C. § 1961(a). Further, post-judgment interest "shall be computed daily to the date of payment . . . and shall be compounded annually." § 1961(b). *See Boston Old Colony Ins. Co. et al v. Tiner Assoc., Inc., et al.*, 288 F.3d 222, 223 (5th Cir. 2002) (postjudgment interest is calculated at the federal rate, while prejudgment interest is calculated under state law). Thus, Plaintiffs are entitled to postjudgment interest on their statutory damages.

## CONCLUSION

In sum, the Court finds and concludes that Plaintiffs are entitled to default judgment and that Defendant Jesus Puentes owes Plaintiffs $3,500 each as set forth above, for a total of $17,500.[1] The Court also grants Plaintiffs' request for an award of postjudgment interest on their statutory damages of $3,500 each.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Default Judgment Against Defendant **(Doc. 13)** is hereby **GRANTED** for reasons described above.



KEA W. RIGGS
United States District Judge

---

[1] These damages are solely awarded against Defendant Jesus Puentes. Although Plaintiffs sought damages jointly and severally with Defendant Ignacio Puentes, it appears that he has received a discharge in his bankruptcy case.